# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 13-313V

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
SANDY RICHARDSON,                         *
For I.G., as her parent,                  *
                                          *       Filed: October 15, 2014
                 Petitioner,              *
                                          *       Decision Dismissing the Petition for
         v.                               *       Insufficient Proof of Causation;
                                          *       Vaccine Act Entitlement; Denial
SECRETARY OF HEALTH                       *       Without Hearing
AND HUMAN SERVICES,                       *
                                          *
                 Respondent.              *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

Lawrence R. Cohan, Anapol, Schwartz, et al., Philadelphia, PA, for Petitioner.

Jennifer L. Reynaud, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISSMISSING CASE FOR INSUFFICIENT PROOF[1]

On May 5, 2013, Sandy Richardson filed a petition on behalf of her minor child, I.G., for Vaccine Compensation in the National Vaccine Injury Compensation Program[2] alleging that the

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) permits each party 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

influenza ("flu") vaccine he received on February 7, 1996, caused I.G. to suffer Guillain-Barré syndrome ("GBS").

After gathering all of his relevant medical records, Ms. Richardson was unable to identify an appropriate medical expert willing to opine on the causation issues in this case. Petitioner subsequently filed a "Motion for Judgment on the Record" on September 24, 2014, seeking a dismissal of her claim.

To receive compensation under the Program, Ms. Richardson must prove either 1) that I.G. suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of I.G.'s vaccinations, or 2) that I.G. suffered an injury that was actually caused by a vaccine. See §§13(a)(1)(A) and 11(c)(1). An examination of the record, however, did not uncover any evidence that I.G. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that I.G.'s alleged injury was vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, because of Petitioner's inability to proffer expert testimony in support of her claim, there is insufficient evidence in the record for Ms. Richardson to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master